**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES MOORE,**<br>     Plaintiff**,**<br>vs.<br>**PFLUG PACKAGING & FULFILLMENT, INC.,**<br>     Defendant**.** | CASE NO. 17-cv-05823-YGR<br><br>**ORDER GRANTING IN PART PLAINTIFF'S REQUEST татCOMPEL FURTHER RESPONSES**<br>Re: Dkt. No. 29 |

The parties submitted their joint discovery letter on April 10, 2018, seeking resolution of plaintiff's request to compel defendant to amend its responses to the document requests to disclose whether documents have been withheld on the basis of objections. (Dkt. No. 29 ("Letter").) Plaintiff contends that defendant's responses fail to comply with Federal Rule of Civil Procedure 34(b)(2)(C), which provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." (*Id*. at 1.) Defendant responds that plaintiff's use of the phrase "RELATING TO" in his discovery requests makes them unduly vague and that, for each document withheld under a claim of privilege, defendant has provided a list of the categories of documents withheld. (*Id*. at 1–2.) For the reasons stated herein, the Court **GRANTS IN PART** plaintiff's request to compel further information.

**I.    APPLICABLE STANDARDS**

Rule 26 of the Federal Rules of Civil Procedure was amended effective December 1, 2015. Rule 26 requires that the scope of permissible discovery be limited to any non-privileged matter that is:

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P 26(b)(1). The Northern District of California has approved Guidelines for the Discovery of Electronically Stored Information, revised to comport with amended Rule 26.[1]
Though specifically directed to electronically stored information (ESI), the principles stated therein apply to civil discovery generally. Those Guidelines provide, in part:

> At all times, the discovery of ESI should be handled by the parties consistently with Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding."
>
> \*\*\*
>
> To assure reasonableness and proportionality in discovery, parties should consider factors that include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. To further the application of the proportionality standard, discovery requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

(Guidelines 1.01, 1.03.) In conjunction with the Guidelines, the Northern District approved and published a checklist related to discovery considerations, including proportionality, advising parties to consider:

- The amount and nature of the claims being made by either party.
- The nature and scope of burdens associated with the proposed preservation and discovery of ESI.
- The likely benefit of the proposed discovery.
- Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.
- Limits on the scope of preservation or other cost-saving measures.
- Whether there is relevant [information] that will not be preserved pursuant to Fed. R. Civ. P. 26(b)(1), requiring discovery to be proportionate to the needs of the case.

**II. RULING ON INSTANT DISPUTE**

In light of Rule 26's proportionality requirement, the Court recognizes that parties should avoid using broad terms such as "RELATING TO" in discovery requests and in this regard, finds plaintiff's requests deficient. Indeed, Merriam-Webster's Online Dictionary defines "relate to" as,

---

[1] *See* https://www.cand.uscourts.gov/eDiscoveryGuidelines.

2

*inter alia*, "to be connected with" or "to be about."  https://www.merriam-webster.com/dictionary/relate%20to (last visited April 19, 2018). Use of such broad language in a discovery request complicates the task of deciding which of numerous documents may conceivably fall within its scope. Defendant illustrates just how broad discovery requests containing the phrase "RELATING TO" may be, noting: "Most of the requests seek 'any and all DOCUMENTS RELATING TO' a particular subject matter. If Pflug Packaging's counsel sent an e-mail to the company asking whether the company had any documents on the subject matter, that e-mail would be responsive to the request." (Letter at 2.)

However, defendant's responses are equally unsatisfying. Despite a valid objection made on the basis that a request is facially vague, ambiguous, and overbroad, or any other basis for that matter, a responding party still "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Defendant has failed to do so here in a number of its responses. For instance, in response to plaintiff's request for production ("RFP") no. 1, defendant objects "on the ground that [the request] seeks documents protected by the attorney-client privilege and the attorney work product doctrine, including draft manuals and handbooks reviewed and revised by [defendant's] attorneys . . . ." (Responses of Pflug Packaging & Fulfillment, Inc. to Plaintiff's First Requests for Production, Dkt. No. 29-1 at p. 3 ("Responses").) However, defendant's objection does not state whether it is withholding the *final* versions of such manuals and handbooks. A reasonable attorney cannot glean what, if anything, defendant has or does not have given its response. Defendant's responses to RFPs 2 and 3 suffer from similar defects. (*Id*. at pp. 4–5.)

Additionally, defendant's response to RFP no. 12 indicates that "it has no written or recorded statements prepared by any non-lawyer" responsive to the request, but it ignores that the request seeks documents "*including but not limited to* written or recorded statements *obtained* from any non-lawyer." (Responses at p. 12 (emphasis supplied).) Thus, defendant's response fails to address (i) whether it is in possession of responsive documents aside from written or recorded statements prepared by any non-lawyer, and, if so, (2) whether any responsive materials are being withheld on the basis of any objection.

3

Similarly, defendant's response to RFP no. 44 indicates that "Pflug Packaging will produce monthly statements of income from January 1, 2012 through January 1, 2017," but it disregards that the request seeks "statements of income from January 1, 2012 to the *present*." (*Id*. at pp. 31–32 (emphasis supplied).) Thus, defendant's response fails to address (i) whether it is in possession of responsive documents from the period beginning January 2, 2017 through the present, and, if so, (2) whether any responsive materials are being withheld on the basis of any objection. Defendant's responses to RFPs 43, 45, and 46 suffer from similar defects.

While the Court will not address each and every shortcoming in defendant's responses (indeed, the parties' joint letter describes their dispute in general terms), it provides the following principles to guide the parties in their resolution of the instant dispute: defendant's responses to the RFPs must identify explicitly the nature of its search for documents responsive to each request. Such responses must demonstrate a reasonable understanding of the document request without a preoccupation on the overbroad nature of the word "relate."

In light of these guiding principles and the deficiencies noted above, defendant shall **AMEND** its responses to plaintiff's RFPs by no later than **Monday, April 30, 2018**. In the event the dispute remains unresolved despite defendant's amendments, the parties shall **APPEAR IN PERSON** on **Thursday, May 10, 2018** at **8:00 a.m.** in Courtroom 1 of the Federal Courthouse located at 1301 Clay Street, Oakland, California. Five (5) business days prior, the parties shall file an updated joint discovery letter, not to exceed three pages, which describes any developments with respect to the dispute and the scope of the unresolved dispute.

This Order terminates Docket Number 29.

**IT IS SO ORDERED.**

Dated: April 25, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**