**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES MOORE,**<br>Plaintiff**,**<br>vs.<br>**PFLUG PACKAGING & FULFILLMENT, INC.,**<br>Defendant**.** | CASE NO. 17-cv-05823-YGR<br><br>**ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS**<br>Re: Dkt. No. 28 |

Pending before the Court is plaintiff James Moore's motion to dismiss defendant Pflug Packaging & Fulfillment, Inc.'s ("Pflug Packaging") counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 28 ("Motion").) For the reasons set forth below, Moore's motion is **DENIED**.

**I.    BACKGROUND**

Moore filed this lawsuit against his former employer Pflug Packaging on October 10, 2017 alleging claims for: (1) disability discrimination in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq*.; (2) failure to engage in the interactive process in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(n); (3) failure to provide Moore with an accommodation in violation of FEHA, Cal. Gov't Code § 129; (4) disability discrimination in violation of FEHA, Cal. Gov't Code § 12940(a); (5) failure to prevent discrimination in the workplace in violation of FEHA, Cal. Gov't Code § 12940(k); and (6) wrongful discharge in violation of public policy. (*See generally* Complaint for Damages, Dkt. No. 1.) Pflug Packaging answered and counterclaimed on December 12, 2017, alleging claims for culpable neglect of duties and willful misconduct. (Dkt. No. 8.)

On January 5, 2018, Moore filed a motion to dismiss Pflug Packaging's counterclaims. (Dkt. No. 12.) Pflug Packaging filed its first amended counterclaims on January 22, 2018 (Dkt.

No. 15), and the Court consequently denied Moore's motion to dismiss Pflug Packaging's counterclaims as moot in light of the amended counterclaims. (Dkt. No. 18.) Moore filed a motion to dismiss Pflug Packaging's first amended counterclaims on February 5, 2018 (Dkt. No. 20), and after the motion was fully briefed, Moore filed the operative amended complaint on March 15, 2018, which alleges additional claims for: (7) retaliation in violation of the ADA, 42 U.S.C. § 12203; and (8) retaliation in violation of FEHA, Cal. Gov't Code § 12940(H).[1] (First Amended Complaint for Damages ("FAC") at pp. 11–12, Dkt. No. 25.) Because Pflug Packaging's first amended counterclaims and Moore's corresponding motion to dismiss such counterclaims were based on a complaint which was no longer operative, the Court denied Moore's motion to dismiss Pflug Packaging's first amended counterclaims as moot. (Dkt. No. 26.)

Pflug Packaging filed its answer to the FAC and operative counterclaims on March 29, 2018, again alleging claims for culpable neglect of duties and willful misconduct. (Answer of Pflug Packing & Fulfillment, Inc. to First Amended Complaint for Damages; Counter-Claims of Pflug Packaging & Fulfillment, Inc. ("Answer & Counterclaims"), Dkt. No. 27.) Moore filed the instant motion to dismiss the counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on March 30, 2018.

Relevant here, the FAC contains various allegations regarding Moore's performance, namely:

- "On August 17, 2016, Plaintiff received a memorandum of Pflug's Chief Executive Officer (CEO) Paul Flug, informing him that he was being placed on a performance

---

[1] Since the additional allegations in the FAC relate to events which "happened since the date of the pleading sought to be supplemented," namely Pflug Packaging's filing of its initial counterclaims, the proper characterization of the FAC is not as an amended complaint, but rather as a supplemental complaint. Fed. R. Civ. P. 15(d); *see also Pike v. Hester*, No. 3:12-cv-00283-RCJ-VPC, 2013 WL 3491222, at *11 (D. Nev. July 9, 2013) ("A supplemental complaint is different from an amended complaint. Unlike an amended complaint, which changes or adds allegations of events occurring before the original complaint is filed, a supplemental complaint adds allegations based upon events occurring after the original complaint is filed."). Although Moore never filed a formal "supplemental pleading," *see* Fed. R. Civ. P. 15(d), "the erroneous characterization of the corrected pleading as a '[first] amended complaint' as opposed to a supplemental pleading is immaterial," *see Cabrera v. City of Huntington Park*, 159 F. 3d 374, 382 (9th Cir. 1998). For purposes of this Order, the Court will treat Moore's causes of action for retaliation in violation of the ADA and FEHA as a "supplemental pleading" under Rule 15(d).

2

- improvement plan and his salary was being reduced by $35,000." (FAC ¶ 10.)

- "From August 24, 2016 through September 8, 2016, Plaintiff's physician placed him on a medical leave from work . . . . When Plaintiff returned to work from his medical leave on September 9, 2016, Paul Pflug presented Plaintiff with another memorandum advising him of changes in the performance improvement plan." (*Id*. ¶¶ 11, 12.)

- "Plaintiff is a qualified individual with a disability who, with or without reasonable accommodation, could perform the essential functions of the position he held." (*Id*. ¶ 25.)

- "At all times relevant herein mentioned, Plaintiff was qualified for the position he held with Defendant." (*Id*. ¶ 42.)

In its counterclaims, Pflug Packaging has similarly raised issues regarding Moore's job performance. Specifically, Pflug Packaging alleges:

> Mr. Moore breached his duties [as Pflug Packaging's CFO] by, among other things: failing to pay Pflug Packaging's corporate taxes for 2013; failing to identify and control willful and extensive over reporting of time by contract labor; failing to provide the company's accountants with documents necessary to file the 2014 tax returns in a timely manner; failing to provide the company's accountants with documents necessary to file the 2015 tax returns in a timely manner, despite having been counseled the prior year for making the same error; failure to implement appropriate procedures and financial controls; repeatedly providing inaccurate Profit and Loss statements; repeatedly failing to assure that costs were accurately reflected in the Levels and Margins sheets; failing to have employees complete Non-Disclosure Agreements, which were distributed in July 2016 with the instruction to Mr. Moore that he was to assure that all employees signed and returned them; failing to assure that Pflug Packaging's address on payroll checks was correct, although the company moved some 8 years before Mr. Moore's employment was terminated; failing to assure that Paid Time Off was reflected on payroll checks, although the requirement to do so began on January 1, 2015; failure to submit Sales Taxes in a timely manner; failure to renew Pflug Packaging's alcohol license in a timely manner; failure to pay property lease deposits and rent in a timely manner; failure to assure that certain of Pflug Packaging's insurance premiums were paid; failure to respond in a timely manner to Notices of Cancellation from insurance carriers; and, failure to assure that Pflug Packaging had the necessary insurance to cover reasonably foreseeable business risks.

(Answer & Counterclaims at 17 ¶ 4.) Pflug Packaging also alleges that Moore failed to follow Pflug Packaging's directives regarding his performance failures. (*Id*. at 19 ¶ 11.) These allegations are consistent with Pflug Packaging's fourth, fifth, sixth, and twelfth affirmative defenses. (*Id*. at pp. 12–14.)

3

## II. DISCUSSION

In his motion, Moore argues for dismissal of the counterclaims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the question of constitutional standing is a "threshold matter central to [the Court's] subject matter jurisdiction" the Court will begin by considering the Rule 12(b)(1) arguments first. *Fulfillment Servs. Inc. v. United Parcel Serv., Inc.*, 528 F.3d 614, 618 (9th Cir. 2008) (internal quotation marks omitted).

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Moore moves to dismiss the counterclaims for lack of subject matter jurisdiction on the basis that supplemental jurisdiction over those claims is improper. Specifically, he asserts that "the primary issues in the counterclaims do not involve Plaintiff's disability claims; instead the primary focus is on Plaintiff's job performance."[2] (Motion at 6.) In response, Pflug Packaging contends that the Court has jurisdiction over its counterclaims for culpable neglect of duties and willful misconduct because they "arise out of the transactions and[/]or occurrences that are the subject matter of Mr. Moore's claims" and are thus compulsory counterclaims. (Opposition of Pflug Packaging & Fulfillment, Inc. to Plaintiff James Moore's Motion to Dismiss Counter Claims Under FRCP 12(b)(1) and 12(b)(6) ("Opposition") at 5, Dkt. No. 31.)

Under 28 U.S.C. section 1367, district courts have supplemental jurisdiction over all claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). Rule 13 of the Federal Rules of Civil Procedure governs the pleading requirements for compulsory and permissive counterclaims. *See* Fed. R. Civ. P. 13(a). If a counterclaim is compulsory, it is "inherently part of the 'same case or controversy' and will always invoke supplemental jurisdiction." *Grupo Salinas Inc. v. JR Salinas Wheels & Tires Inc.*, No. SACV 16-1923 JVS (KESx), 2017 WL 2972339, at *2 (C.D. Cal. Jan. 30, 2017) (citing *Campos v. W.*

---

[2] As for Moore's argument that "claims such as Pflug's chill a Plaintiff's right to fight illegal discrimination" (Motion at 5), Moore cites no cases in support thereof. Moreover, he provides no reasoned analysis as to why he would be better off having a separate action filed in state court rather than defending two counterclaims in an action he brought in a forum he chose.

*Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1167 (N.D. Cal. 2005); Cal Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2B-6.)

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(A)–(B)[3]; *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013). To aid the courts in determining if a counterclaim arises out of the same transaction or occurrence, and is therefore compulsory, the Ninth Circuit has developed the "logical relationship test." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195–96 (9th Cir. 2005); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). Under that test, a court is required to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro*, 827 F.2d at 1249. "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Mattel*, 705 F.3d at 1110 (internal quotation marks omitted). Courts are required to read the "transaction or occurrence" component liberally. *Pochiro*, 827 F.2d at 1252. "Thus, courts should consider whether the facts necessary to prove the claim and counterclaim substantially overlap." *Hart v. Clayton-Parker & Assocs., Inc.*, 869 F. Supp. 774, 776 (D. Ariz. 1994) (citing *Pochiro*, 827 F.2d at 1251).

Applying the logical relationship test, the Court finds that the issue of Moore's performance as CFO is fundamental to his own affirmative claims and, by definition, foundational to Pflug Packaging's affirmative defenses and counterclaims. Thus, the Court concurs sufficient overlap exists between the claims and counterclaims for the latter to be considered compulsory. All of the claims being asserted stem from the conduct of the parties during Moore's limited

---

[3] In contrast, permissive counterclaims include "any claim that is not compulsory." Fed. R. Civ. P. 13(b).

5

tenure as CFO of Pflug Packaging, not some other expanded time frame. (*Compare* FAC ¶ 5 ("From approximately August 16, 2016 until he was terminated, Plaintiff was the Chief Financial Officer of Pflug."), *with* Answer & Counterclaims at 16 ¶ 2 ("For the last several years of his employment, Mr. Moore served as the Company's Chief Financial Officer.").) Logically, evidence regarding Moore's performance failures as CFO is relevant to the discrimination claims asserted in the FAC (*e.g.*, whether he "could perform the essential functions of the position he held" (FAC ¶ 25)) and to the counterclaims. *Cf. Grupo Salinas*, 2017 WL 2972339, at * 3 (concluding there was "no logical relationship between the claims and the counterclaim [was] not compulsory" where "[t]he only area of overlap between the[] claims [was] the existence of an employment relationship"); *Lou v. Ma Labs.*, No. C 12-05409 WHA, 2013 WL 3989425, at *2 (N.D. Cal. Aug. 2, 2013) (finding counterclaims were not compulsory because "[t]he allegations that plaintiff Lou breached a confidentiality agreement by retaining unspecified documents or converting Ma Labs' property [were] wholly irrelevant to the question of whether the company's employment practices violate[d] the FLSA").

The Court also finds that declining to exercise jurisdiction pursuant to 28 U.S.C. section 1367(c)—which it may do if a counterclaim "raises a novel or complex issue of State law" or "substantially predominates over the claim or claims over which the district court has original jurisdiction," *id*. §§ 1367(c)(1), (c)(2)—would be inappropriate. Pflug Packaging's counterclaims do not raise novel or complex issues of state law, nor do they substantially predominate over Moore's claims. Moore baldly asserts that "the counterclaim for culpable negligent [sic] raises complex issues of state law for which there is very little case law," but he fails to elaborate on this point.[4] (Plaintiff's and Counter-Defendant's Reply Brief ISO Motion to Dismiss ("Reply") at 5, Dkt. No. 33.) Moreover, while Moore asserts that the counterclaims "involve a series of events that occurred within the last five years of Plaintiff's employment" as compared to "a limited series

---

[4] *Cf. San Diego Cty. Office of Educ. v. Pollock*, No. 13-CV-1647-BEN (BLM), 2014 WL 4416004, at * (S.D. Cal. Sept. 8, 2014) (declining to exercise supplemental jurisdiction where it was "apparent" the state law claims would require the court to "delve deeply into a complex statutory scheme to resolve novel questions of state law").

6

of events that occurred within the final five months of Plaintiff's employment" (Reply at 5), the Court is not convinced that the presentation of evidence concerning the counterclaims would differ significantly, such that the scope of discovery would be dramatically expanded. Even if the counterclaims *did* present novel or complex questions or predominate, the interests of judicial economy outweigh these factors.[5] Contrary to Moore's assertion that "[t]he court will not conserve resources" by adjudicating the counterclaims (*see* Motion at 6–7), keeping the counterclaims and the other claims together in this case would promote judicial efficiency. If supplemental jurisdiction is not maintained over the counterclaims in this case, the likely result would be a second suit brought by Pflug Packaging against Moore, based on largely the same underlying facts. This would create the type of duplicative and fragmented litigation that supplemental jurisdiction is meant to avoid.

Accordingly, Moore's motion to dismiss the counterclaims pursuant to Rule 12(b)(1) is **DENIED**.[6]

### B. Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of ruling on a Rule 12(b)(6) motion, the Court must accept the allegations in the counterclaims as true and draw all reasonable inferences in favor of the nonmoving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds*

---

[5] *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("While discretion to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [] values of economy, convenience, fairness, and comity.") (internal quotation marks omitted); *Arkema Inc. v. Anderson Roofing Co., Inc.*, 719 F. Supp. 2d 1318, 1327 (D. Or. 2010) ("Even if the Oregon Superfund Act claims pose a novel issue of state law, however, the values of economy and convenience weigh heavily in favor of retaining jurisdiction over the state law claims . . . .").

[6] Moore additionally seeks dismissal of Pflug Packaging's request for attorney's fees because Pflug Packaging "has not identified any contract, statute or law authorizing attorney's fees." (Motion at 7.) In its opposition, Pflug Packaging concedes dismissal is appropriate but reserves in the event it brings a motion under Rule 11 of the Federal Rules of Civil Procedure. (*See* Opposition at 10.) The two processes are entirely different. Moore's motion regarding Pflug Packaging's request for attorney's fees is hereby **GRANTED WITHOUT PREJUDICE** to bringing a Rule 11 motion if appropriate.

*by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Cruz v. Beto*, 405 U.S. 319, 322 (1972). However, a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Moore first argues that Pflug Packaging's counterclaim for culpable neglect should be dismissed for failure to state a claim. California Labor Code section 2865 states: "An employee who is guilty of a culpable degree of negligence is liable to his employer for the damage thereby caused to the employer." Moore argues that to state a claim under the statute, Pflug Packaging must "allege that [a] judgment has been rendered against it resulting from negligence." (Reply at 6; *see also* Motion at 8.) Pflug Packaging responds that the plain language of the statute "does not limit recovery to claims of indemnification." (Opposition at 7.) The Court finds persuasive *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1, 2007) in this regard. In *James*, the court determined:

> Although employers may seek indemnification from their employees under the statute, § 2865's plain language supports a broader range of permissible claims. When California lawmakers have intended to create only a right of indemnification in the Labor Code, they have used the term of art. *See, e.g.*, Cal. Labor Code § 2800 ("Losses caused by employer's negligence; indemnification"); *id*. § 2802 ("An employer shall indemnify his or her employee."). No such term is present in § 2865. If the court were to read the section as requiring a prior judgment, it would be adding an element to the section not required by its plain language.

*Id*. at *2. The Court agrees with this analysis in all respects and similarly finds that "[a] plaintiff seeking to make a claim need only allege that 'an employee . . . is guilty of a culpable degree of negligence,' resulting in 'damage . . . to the employer.'" *Id*. (quoting section 2865). While Moore cites to cases addressing section 2865 in the indemnification context (*see* Motion at 7–8), those cases neither resemble Moore's claim nor hold that section 2865 cannot be used for direct negligence claims against employees.[7] Therefore, the Court finds that Pflug Packaging has

---

[7] *See St. Paul Fire & Marine Ins. Co. v. Cunningham*, 257 F.2d 731, 732 (9th Cir. 1958) (holding that employer's right of action against employee whose negligence rendered the employer liable to a third party could not be maintained "until the loss ha[d] been ascertained, either by a judgment against the employer or the payment of a judgment"); *Ventura Cty Emps.' Ret. Ass'n v. Pope*, 87 Cal. App. 3d 938 (1978) (county employees' retirement association brought action against alleged third-party tortfeasor for one-half of the disability benefits payable to an

8

sufficiently pleaded a claim under section 2865 by alleging that it was damaged by Moore's negligent acts.[8] (*See* Answer & Counterclaims at 17–18 ¶¶ 4, 6.) Moore's motion to dismiss the culpable neglect counterclaim for failure to state a claim is hereby **DENIED**.

Moore next argues that Pflug Packaging's counterclaim for willful misconduct should be dismissed for failure to state a claim. Under California law, willful misconduct is not a separate tort, but is an aggravated form of negligence that differs in quality from ordinary care, rather than degree. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 526 (2007). The pleading requirements for willful misconduct are similar but stricter than those for negligence, and the acts or omissions must be more specifically described to rise to the level of willful misconduct. *Id*. at 526, 528. "Three essential elements must be present to raise a negligent act to the level of wilful [sic] misconduct: (1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that the injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril." *Id*. at 528 (2007) (internal alterations, quotation marks, and citations omitted).[9] Moore argues that Pflug Packaging's counterclaim for willful misconduct fails because Pflug Packaging has made "no allegations that suggest intentional wrongful conduct." (Motion at 9; Reply at 7.) However, Moore simultaneously concedes that "willful misconduct does not invariably entail a subjective intent to injure. It is sufficient that a reasonable person under the same or similar circumstances would be aware of the highly dangerous character of his or her conduct." (Motion at 9 (quoting *Calvillo-Silva v. Home Grocery*,

---

employee-member of the association injured in an automobile collision with defendant).

[8] *Dahl-Beck Elec. Co., Inc. v. Rogge*, 275 Cal. App. 2d 893 (1969) supports this conclusion. There, the court determined that an employer could recover from a negligent employee without a prior judgment. *Id*. at 901–05; *see also Fields. v. QSP, Inc.*, No. CV-10-5772 CAS (SSx), 2011 WL 1375286, at *6 (C.D. Cal. Apr. 8, 2011) (denying employee's motion to dismiss employer's counterclaim under section 2865 even though employer did not allege that any judgment had been rendered against it; employer "sufficiently alleged that it lost money as a result of [employee's] conduct").

[9] *See also Bigge Crane & Rigging Co. v. Workers' Comp. Appeals Bd.*, 188 Cal. App. 4th 1330, 1349 (2010) ("To constitute 'wilful [sic] misconduct,' there must be actual knowledge, or that which in the law is esteemed to be the equivalent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury . . . .") (internal quotation marks omitted).

9

19 Cal. 4th 714, 730 (1998), *disapproved of on other grounds by Aguilar v. Atl. Richfield Co.*, 25 Cal. 4th 826 (2001)).) Because "a showing of conscious disregard can support willful . . . misconduct," the Court finds Pflug Packaging's allegations to be sufficient. *See Oppenheimer v. Southwest Airlines Co.*, No. 13-CV-260-IEG (BGS), 2013 WL 3149483, at *2 (S.D. Cal. June 7, 2013) (citing *Bigge*, 188 Cal. App. 4th at 1349). Namely, Pflug Packaging's counterclaim for willful misconduct alleges, *inter alia*:

- "As the result of his financial background and the counseling [he received from Pflug Packaging], Mr. Moore knew or should have known that Pflug Packaging would be assessed penalties and interest if tax returns were not filed in a timely manner, that Pflug Packaging would be assessed late fees, would be required to pay deposits if invoices were not paid in a timely manner; that the company would be in violation of contracts and applicable law if required insurance was not maintained at all times; and, that the company could be exposed to significant liabilities and legal fees if appropriate insurance was not maintained." (Answer & Counterclaims at 19 ¶ 12.)

- "In 2015 and 2016, Pflug Packaging counseled Mr. Moore about certain of his performance failures, including the failure to pay invoices and taxes in a timely manner, and about his failure to provide information to the accountant in a timely manner. As part of this counseling, Pflug Packaging pointed out that delayed payment of taxes had resulted in interest and penalties being assessed against Pflug Packaging and that it was important to assure timely filing and payment to avoid such costs. As part of this counseling, Pflug Packaging pointed out that delayed payment of invoices had resulted in interest and penalties being assessed against Pflug Packaging and that it was important to assure timely payment to avoid such costs and loss of the ability to conduct business." (*Id*. at 18–19 ¶ 10.)

- "Mr. Moore ignored these directives, failed to improve financial controls and procedures; failed to assure that Profit and Loss statements and Levels and Margins sheets were accurate; continued to pay invoices and taxes late; failed to pay certain taxes, failed to respond to Notices of Cancellation of required insurance, and failed to provide financial information to the accountant in a timely manner." (*Id*. at 18 ¶ 11.)

These allegations, taken as true, "allow[] the court to draw the reasonable inference that the [counter-]defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, Moore's motion to dismiss the willful misconduct counterclaim for failure to state a claim is **DENIED**.

\\
\\
\\

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Moore's motion to dismiss Pflug Packaging's counterclaims for culpable neglect of duties and willful misconduct.

This Order terminates Docket Number 28.

**IT IS SO ORDERED.**

Dated: May 30, 2018

                                            **YVONNE GONZALEZ ROGERS**
                                            **UNITED STATES DISTRICT COURT JUDGE**